Green, J.,
delivered the opinion of the court.
This is an action of ejectment, and on the trial in the court below, the plat of the land accompanying the grant was in evidence before the jury, and there was evidence .that the land had been actually surveyed, and the lines marked different from the representation on the plat.
Upon this subject the court charged the jury: “That the plat and certificate referred to, and accompanying the grant, was legitimate and proper evidence to be looked to in the ascertainment of the land actually covered by the grant; and in this connection read to the jury the opinion of the supreme court in the case of Hickman vs. Bell, reported in 6 Humphreys’ Reports, upon the effect of a plat and certificate accompanying a grant; and said to the jury, that such was the law of the land. The court further said to the jury, that such a plat and certificate was always highly persuasive evidence of the land covered by the grant, but was not absolutely conclusive in a case where there was clear and satisfactory proof of the lines and cornérs originally surveyed and established, but in the absence of such proof, the plat would be controlling.”
We think there is no error in this instruction. The principle upon which the case of Hickman vs. Bell was decided is, that in absence of proof of an actual survey and marked lines, the plat and certificate of survey is evidence of the land actually surveyed. The grantee is entitled to the land he actually appropriated, and the marked lines of the original survey constitute the best evidence of sueh actual appropriation. But in the absence of satisfactory proof of marked lines and corners, the plat and certificate of survey, accompanying the grant, will be evidence of its locality.
Let the judgment be affirmed.